UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA ZELESNIK, et al., | ) | CASE NO. 1:18CV2443 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| GE HEALTHCARE, et al., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of *pro se* Plaintiff Paula Zelesnik[1] against defendants GE Healthcare, Cincinnati Ohio, Cleveland Ohio, Columbus Ohio, Dayton Ohio, Pittsburgh PA, Covington KY, Senator Rob Portman, Senator Sherrod Brown, Congress, Pelosi, P. Ryan, and Chabot, along with all churches and universities associated with the hospitals in the listed cities (collectively, "Defendants"). (ECF DKT #1). Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF DKT #2), which is granted. For the reasons that follow, this case is dismissed.

**I. BACKGROUND**

Plaintiff's Complaint consists of a single page, which contains of a list of Defendants and the following language: "Abortion, injections unnecessary treatments for [sexually transmitted diseases] refusal to give cancer antibiotics rape and attempted murder at WPAFB by Beavercreek

---

[1] The Complaint suggests that Gregory Zelesnik may also be a plaintiff in this action, however, Gregory Zelesnik did not sign the complaint. Gregory Zelesnik's failure to sign the Complaint does not affect the outcome of this case because even if he had signed the Complaint, the Court's analysis would be the same.

PD including [illegible] Medical MVH/PD, Kettering North PD, St. Joan's Westshore PD and FD, Cleveland Clinic [illegible] 2016 Dr. Roman Dale Clear Vista Elyria Ohio Akron Good Samaritan Hospital witnesses include heat transfer depts, both/and Pratt & Whitney Engines, Rolls Royce Engines & GE Aircraft Engines by Bill Laverty for 911, NY." Plaintiff seeks $100,000,000,000.00 for herself and each family member named Zelesnik, Piekos, Berns, and Adams (ECF DKT #1). The Complaint contains no factual allegations with respect to any of the defendants and identifies no causes of action.

## II. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

### B. Analysis

In order to state a plausible claim for relief, Plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a)(2), and the Complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief." "A pair of Supreme Court decisions . . . confirms that [Rule 8] imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (citing *Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Plaintiff's Complaint does not contain any direct or inferential allegations that would support a claim for relief against Defendants under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). Even liberally construed, Plaintiff does not allege facts that give Defendants "fair notice" of the grounds upon which Plaintiff seeks relief against them. *See Twombly*, 550 U.S. at 545. The Court is not required to conjure unpleaded facts or construct claims against Defendants on behalf of Plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. Plaintiff's Motion to Proceed *In Forma Pauperis* is granted (ECF DKT #2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

                                              **s/ Christopher A. Boyko**
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated:** November 6, 2018